**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DAVID SCOTT ALBERS,** | Case No. 24–cv–08378–ESK |
| Petitioner, | |
| v. | OPINION |
| **WARDEN R. THOMPSON,** | |
| Respondent. | |

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on petitioner David Scott Albers's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Petition) arguing that the Bureau of Prisons (Bureau) failed to correctly calculate his earned First Step Act and Second Chance Act credits and apply them to his sentence. (ECF No. 1.) He asserts he is entitled to placement in a residential reentry center or other prerelease custody in Michigan. (*Id.* pp. 6, 7.) He also moves for "non-consent/non-waiver and summary judgment," (ECF No. 10), and to expedite consideration of his Petition, (ECF No. 14) (collectively Motions). Respondent Fort Dix Warden opposes the Petition but did not file opposition to the Motions. (ECF No. 9.) For the following reasons, I will dismiss the Petition as unexhausted and dismiss the Motions as moot.

    **I.    FACTS AND PROCEDURAL HISTORY**

    Petitioner is presently detained at FCI Fort Dix, New Jersey (Fort Dix) after being convicted of murder for hire in violation of 18 U.S.C. § 1958(A). (ECF No. 9 p. 6.) His projected release date from custody is December 4, 2026. Bureau Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited Feb. 5, 2025.)

On August 9, 2024, petitioner filed the Petition seeking relief pursuant to § 2241.  (ECF No. 1.)  He argued that he had earned 562 days of credits towards placement at a residential reentry center pursuant to the First Step Act and that he was not awarded the 12-month placement at a residential reentry center that he had earned pursuant to the Second Chance Act.  (*Id.* p. 6.)  He asserted that he had not been given a date for release and was entitled to "immediate placement in prerelease custody … ."  (*Id.*)  He also argued that the Bureau improperly denied his request to be transferred to Michigan in violation of the First Step Act.  (*Id.* p. 7.)  He asked the Court to order the Bureau to release him to a residential reentry center or other prerelease custody in Michigan.  (*Id.*)  He filed supplemental materials on September 19, 2024.  (ECF No. 5.)

Respondent Fort Dix Warden submitted an answer on October 28, 2024.  (ECF No. 9.)  Respondent opposes the Petition and argues that it should be dismissed because petitioner failed to exhaust his administrative remedies.  (*Id.* p. 13.)  Respondent argues in the alternative that the Petition should be denied because the Bureau complied with applicable laws in considering petitioner's requests for prerelease custody.  (*Id.* p. 18.)

On October 29, 2024, petitioner filed a motion for "non-consent/non-waiver and summary judgment."  (ECF No. 10.)  He objected to respondent receiving an extension of time to file the answer[1] and asked for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56.  (*Id.* pp. 1, 2.)  He subsequently filed a letter asserting that the Bureau informed him that "he would no longer be considered for release" because of "the proximity of his residence and the residence of his ex-wife, one of the targets of [petitioner's]

---

[1] Respondent did not receive an extension of time to file the answer.  (*See* ECF No. 7.)

attempted murder-for-hire scheme … ." (ECF No. 13.) He later filed a motion to expedite consideration of the Petition. (ECF No. 14.)

## II. LEGAL STANDARD

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).

## III. DISCUSSION

Respondent argues that the Petition should be dismissed because petitioner did not exhaust the Bureau's administrative remedy program. (ECF No. 9 p. 13.) "Although there is no statutory exhaustion requirement attached to § 2241," the Third Circuit has "consistently applied an exhaustion requirement to claims brought under § 2241." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). "Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review." *Rodriguez v. Sage*, No. 1:22–cv–2053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (citing *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996)). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual

record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761–62.

The Bureau's administrative remedy system has three tiers allowing "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). "[A]n inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Next, the inmate submits a formal written administrative remedy request to the facility warden on the BP–9 form. 28 C.F.R. § 542.14(a). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). "An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.*

Petitioner filed an administrative remedy, Case No. 1206796–R1, about his time credits on July 24, 2024. (ECF No. 9–2 p.6.) This was rejected because petitioner did not file it with the warden first. (ECF No. 9–1 ¶ 7.) Petitioner did not refile the remedy request or appeal the rejection. (*Id.*) He filed an administrative remedy, Case No. 1212902–F1, asking for prerelease custody on September 16, 2024. (ECF No. 9–2 p.6.) This request was denied on September 26, 2024. (ECF No. 9–3 p. 2.) Petitioner did not appeal this decision. (ECF No. 9–1 ¶ 7.)

4

Petitioner did not respond to respondent's exhaustion argument beyond asserting that "[c]learly there is nothing in the response of the [respondent] that … refutes [petitioner's] claim of application of [First Step Act] time credits" because respondent was "claiming primarily that [petitioner] did not exhaust the Administrative Remedy process, as [respondent's] only reason for dismissal of the [Petition] … ."  (ECF No. 12 p. 1.)  However, he briefly argued for application of the futility exception in his supplemental papers.  (ECF No. 5 pp. 3, 4.)  He stated that his administrative remedies were "not being answered or recognizing [his] request to abide by the law!"  (ECF No. 5–1 p. 1.)  He included an administrative remedy request dated September 11, 2024 alleging that there had not been an answer to his BP–8.  (*Id.* p. 2)  A BP–8 informal resolution form dated August 28, 2024 was also included, as was the September 11, 2024 response from Fort Dix staff.  (*Id.* p. 3)  Finally, petitioner submitted an August 26, 2024 request to staff requesting home confinement placement.  (*Id.* p. 4.)

Petitioner did not comply with the administrative remedy program's requirements.  Case No. 1212902–F1 was not filed until September 16, 2024, which was after he filed the Petition.  (ECF No. 9–2 p. 6.)  Petitioner also did not appeal its denial to the Regional Director.  The August 26, 2024 request to staff, August 28, 2024 BP–8 informal resolution form, and September 11, 2024 administrative remedy request were also filed after petitioner started the § 2241 process.  (ECF No. 5–1 pp. 2, 3, 4.)  These documents do not follow the requirement that the administrative remedy program be completed before filing a § 2241 petition.  Furthermore, petitioner did not escalate any of these initial denials to the Regional Director or the General Counsel.

To the extent petitioner argues the remedy program was unavailable to him because the Bureau did not respond to his requests, the program regulations explicitly state that "[i]f the inmate does not receive a response

within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. In other words, once Fort Dix's staff did not respond to petitioner's informal remedy request within the set time, petitioner was to consider that a denial and proceed with filing a formal remedy request with the Warden, etc. 28 C.F.R. § 542.14.

Petitioner's failure to file administrative remedy forms deprived the Bureau of a chance "to develop a factual record and apply its expertise" before he filed the Petition in federal court. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996); *Fernandez v. Warden, FCI Ft. Dix*, No. 24–cv–09014, 2024 WL 4542198, at *2 (D.N.J. Oct. 21, 2024) ("[T]he process would still serve the valid purpose of producing a record for review and in any event would have permitted [p]etitioner to dispute any factual issues he may have had.") Petitioner's assertion that the Bureau changed his status, (ECF No. 13), underscores the importance of having the Bureau respond to petitioner's factual claims on an agency level before requesting federal court intervention. Therefore, I conclude that petitioner failed to exhaust his administrative remedies.

Failure to exhaust administrative remedies "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice[.]" *Moscato*, 98 F.3d at 761. Courts in this District have not excused the exhaustion requirement when the failure to exhaust was a choice. *See Hayes v. Ortiz*, No. 20–cv–05268, 2020 WL 3425291, at *5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, [p]etitioner has delayed any relief that was available to him.") "[T]he calamity—if any—which [p]etitioner might be facing is of his own making, and such hypothetical self-inflicted distress cannot serve as a basis for excusing the exhaustion requirement." *Shoup v. Shultz*, No. 09–cv–00585, 2009 WL 1544664, at *5 (D.N.J. June 2, 2009). I find

that petitioner has not demonstrated cause for his failure to exhaust and will dismiss the Petition accordingly. As I am dismissing the Petition, I will dismiss the Motions as moot.

### IV.　CONCLUSION

For the reasons stated above, I will dismiss the Petition for failure to exhaust and dismiss the Motions as moot. An appropriate Order accompanies this Opinion.

　　　　　　　　　　　　　　　　　　 */s/ Edward S. Kiel*　　　　
　　　　　　　　　　　　　　　　　　**EDWARD S. KIEL**
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated: February 7, 2025